UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 APR 25  AM 10: 23

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| BIDDEFORD INTERNET | ) | |
| CORPORATION D/B/A | ) | |
| GREAT WORKS INTERNET and | ) | |
| GWI VERMONT, LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | No. 2:25-cv-00354 |
| | ) | |
| F.X. FLINN, | ) | |
|     Defendant. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO ISSUE SUBPOENAS DUCES TECUM**
(Doc. 9)

Plaintiffs Biddeford Internet Corporation d/b/a Great Works Internet and GWI Vermont, LLC (collectively "Plaintiffs") filed an Expedited Motion for Leave to Serve Third-party Subpoenas Duces Tecum pursuant to Federal Rule of Civil Procedure 26(d)(1). (Doc. 9 at 1.) Plaintiffs provide internet connectivity and certain phone-based services to subscribers of the East Central Vermont Telecommunications District ("ECFiber"), which is presided over by its governing board chairman, Defendant F.X. Flinn ("Flinn" or "Defendant"), against whom the underlying action is brought. (Doc. 1, ¶ 6.) Plaintiffs allege Defendant seeks to supplant GWI's role as a service provider to ECFiber with Defendant's own private management company, known as Vermont ISP Operating Company ("VISPO"). (Doc. 9 at 2.)

Plaintiffs' motion specifically seeks to serve subpoenas duces tecum on VISPO and ECFiber. (*Id.* at 1.) The subpoena directed at VISPO seeks documents and communications relating to its formation, the participation of Defendant, internal meetings, interactions with specific entities, employee recruitment, and changes to network services. (Doc. 9-1 at 5-6.) The

subpoena requested for ECFiber seeks documents and communications related to its formation, the participation of Defendant, internal meetings including audio or video recordings of Board meetings and committee meetings, interactions with specific entities, and changes to network services. (Doc. 9-2 at 5-6.)

**Legal Standard**

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Second Circuit has not yet articulated a standard to determine the appropriateness of expedited discovery. *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020) (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). Courts in this Circuit have employed either a four-part test, which is comparable to the standard for granting a preliminary injunction, or a more flexible standard of reasonableness and good cause. *Id.* The majority of courts in the Second Circuit apply the more flexible "good cause" standard, noting that the four-part test is a rigid test more appropriately applied to requests for a preliminary injunction. *Id.* The court will apply the reasonableness and good cause test in this case.

> [I]n assessing good cause a court may take into account the standard necessary to establish entitlement to a preliminary injunction, including for instance whether there is some connection between the request for expedited discovery and the avoidance of irreparable injury and any burdens associated with the expedited discovery in comparison to the potential injury to the moving party in the absence of expedited discovery.

*Id.* at 210. "[I]n deciding on a matter merely of regulating the timing of discovery, 'it makes sense to examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Ayyash v. Bank Al-Madina*, 233

F.R.D. 325, 327 (2005) (emphasis in original) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).

## Analysis

Applying the more flexible "good cause" standard, the court cannot find that Plaintiffs have established the need for expedited discovery. There is no indication that production of the materials is necessary to avoid irreparable harm. This is in marked contrast to the facts present in *Ayyash*, 233 F.R.D. at 325. In that case, plaintiff alleged a complex scheme of wire fraud, money laundering, forgery, and embezzlement and sought expedited discovery to learn the location of defendants' assets to allow for them to be attached before they were hidden or made inaccessible. *Id.* at 326-27.

Here, there is no suggestion the records Plaintiffs seek will be destroyed or hidden if acquired during the regular course of discovery. There is no evidence to support the need to obtain this information now, rather than through the normal course of discovery. The only assertion Plaintiffs make as to the reason for the expedited discovery is that "[s]uch discovery will assist GWI in determining whether injunctive relief and/or amendment of the Complaint is warranted." (Doc. 9 at 3.) If Plaintiffs obtain information through the discovery process which they did not have previously, they will have the opportunity to amend their complaint and seek alternative relief. Fed. R. Civ. P. 15(a)(2); *see Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Komatsu v. City of New York*, No. 20 Civ. 7046 (ER), 2020 WL 6484892, at *1 (S.D.N.Y. Nov. 4, 2020) ("Rule 15(a)(2) sets forth a 'liberal standard.'") (quoting *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010)). There are insufficient allegations before the court to suggest that good cause exists for this request.

Additionally, Plaintiffs assert the requested discovery is "reasonable" in that it is targeted and narrow. (Doc. 9 at 4.) The court agrees the requested documents only involve a period of several weeks, as it relates to VISPO, and six months as to ECFiber. The requested documents, however, cover a variety of topics including but not limited to documents and communications relating to the formation of each respective entity, the participation of Defendant, internal meetings including audio or video recordings, interactions with certain outside entities, employee recruitment, and changes to network services. (Doc. 9-1 5-6; Doc. 9-2 5-6.) Collecting such documentation does impose some burden on VISPO and ECFiber. Absent a showing the requested material is needed on an expedited basis, requiring disclosure at this time is not reasonable.

**Order**

For the foregoing reasons, Plaintiff's Expedited Motion for Leave to Serve Third-party Subpoenas Duces Tecum (Doc. 9) is hereby DENIED.

DATED in the District of Vermont, this 25th day of April 2025.

Mary Kay Lanthier
United States District Judge