U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 SEP 23 PM 4:06

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| BIDDEFORD INTERNET<br>CORPORATION d/b/a<br>GREAT WORKS INTERNET and GWI<br>VERMONT, LLC,<br>      Plaintiffs,<br><br>v.<br><br>F.X. FLINN and EAST CENTRAL<br>VERMONT TELECOMMUNICATIONS<br>DISTRICT,<br>      Defendants,<br><br>F.X. FLINN and EAST CENTRAL<br>VERMONT TELECOMMUNICATIONS<br>DISTRICT,<br>      Counter Claimants,<br><br>v.<br><br>BIDDEFORD INTERNET<br>CORPORATION d/b/a<br>GREAT WORKS INTERNET and GWI<br>VERMONT, LLC,<br>      Counter Defendants. | No. 2:25-cv-00354 |

**ORDER DENYING EAST CENTRAL VERMONT TELECOMMUNICATIONS
DISTRICT'S EMERGENCY MOTION TO ENFORCE AND MODIFY THE COURT'S
PRELIMINARY INJUNCTION ORDER OF AUGUST 11, 2025**
(Doc. 54)

East Central Vermont Telecommunications District ("the District") filed a Motion to Enforce and Modify the Court's Preliminary Injunction Order of August 11, 2025. The District alleges that Biddeford Internet Corporation d/b/a Great Works Internet and GWI Vermont, LLC, (collectively, "GWI") violated the court's Order by making substantial changes to the District's procedures and operations and failing to notify the District of the changes. The District seeks an

order restricting GWI from operating the network with personnel who are not employees of GWI or otherwise authorized by the District and granting the District the ability to take control of the network immediately. GWI asserts it is not in violation of the court's order and neither enforcement nor modification is appropriate.

The court held a hearing on the District's motion on September 8, 2025. At that hearing, for the first time, the District alleged that GWI was denying it access to a software program. At the conclusion of the hearing, the court ordered GWI to provide access to the software program Sage for data related to the ECFiber network within seven days. The court DENIES the remainder of the District's motion.

## Findings of Fact

Based on testimony and evidence admitted at the September 8, 2025 hearing as well as previous testimony, the court finds as follows:

GWI is the contracted operator of the internet service provider known as ECFiber, which is owned by the District. The District is a communications union district, providing internet access to customers in east central Vermont, including many customers in remote rural areas with no cell service. The contract between the two expires on December 31, 2025, and the District has elected not to renew the contract. The District has turned to VISPO ("Vermont ISP Operating Company"), a newly formed company, to run the network after January 1, 2026. The transition between the two operators has not been smooth. These difficulties resulted in the District filing a Motion for a Preliminary Injunction. A hearing on that motion was held on July 29, 2025. The court issued an order granting a Preliminary Injunction on August 11, 2025, providing some parameters for the transition.

On or about August 8, 2025, after the hearing on the Motion for a Preliminary Injunction but before the court issued its order, difficulties emerged within GWI. According to a filing with the Federal Communications Commission made on August 14, 2025, these difficulties included GWI firing a majority of its highly skilled senior employees without notice, ceasing to pay its vendors (with one sending a default notice), announcing a plan to terminate all operations in Vermont without notice, and stating an intention to file for Chapter 11 bankruptcy. The FCC filing further stated that, in order to stabilize the situation, Mac Mountain, LLC, assumed control of GWI on August 12, 2025.

The specifics of what occurred leading up to Mac Mountain assuming control over GWI remain unclear. Thomas Cecere, the former general manager of GWI and current President of the Northeast Division of GWI, testified that on August 6, 2025, he received a phone call from Fletcher Kittredge, the primary owner of GWI at the time, regarding the possibility of declaring bankruptcy. Mr. Cecere attempted to gather additional information about the specific plan prior to a meeting on August 8, 2025. At that meeting, Mr. Cecere learned GWI leadership planned to reorganize the business and excuse the debt they had to Mac Mountain. Mr. Cecere believed that plan had little chance of success and resigned.

Also on August 8, 2025, Andrew Oberholzer, a network engineer employed by GWI, asked Adam Gaston, a Mac Mountain employee who was in the office with him, when he expected the "chaos to settle." Over the following weekend, Mr. Oberholzer received communication that four Mac Mountain employees had been terminated, including Mr. Gaston. On the morning of August 11, 2025, when Mr. Oberholzer reported for work, the four Mac Mountain employees, as well as seven other employees, were not present. Mr. Oberholzer received an offer of employment from Mac Mountain on August 12, 2025, which he rejected.

On August 12, 2025, Mr. Cecere reached a verbal agreement to return to GWI, with a formal agreement completed on August 13, 2025. Mac Mountain rehired critical employees, re-established payment arrangements, and instituted new management.

Mac Mountain and Mac Mountain Lightcraft employees had worked on the ECFiber network prior to August 8, 2025. There was no interruption in ECFiber's network service during this turbulent period. GWI did not file for bankruptcy.

On August 13, 2025, the parties participated in a mediation session. The upheaval experienced at GWI was not disclosed to the District during this session. The District first learned about the FCC filing, and the circumstances referenced in that filing, on August 20, 2025, through an article in VTDigger. After reading the article, F.X. Flinn, the Chair of the Governing Board for the District, obtained a copy of the FCC filing. On August 25, 2025, the District, through its attorney, sent a letter to GWI's attorney requesting additional information and clarification regarding the facts outlined in the FCC filing.

The parties had a second mediation session on August 28, 2025. During this session, Mr. Rozek, CEO of Mac Mountain, gave a presentation in which he described the FCC filing. Mr. Flinn was not satisfied with the presentation. No evidence was presented to the court regarding the specific content of the presentation. It is also unclear what, if any, questions were asked of Mr. Rozek or whether Mr. Rozek refused to answer any questions. No additional requests for information were sent to GWI following the mediation. On September 3, 2025, the District filed the Emergency Motion to Enforce and Modify the Court's Preliminary Injunction.

### Conclusions of Law

In its motion, the District asserts GWI failed to comply with the operating agreement and the court's order when it experienced the difficulties in early August. The District alleges that,

without the ability to know what is happening with GWI's financial and personnel situation, the District should be given permission to terminate the operating agreement and assume control of the network. GWI asserts it has not violated the operating agreement or court order and a judicially ordered early termination of the contract is inappropriate.

The District asks the court to enforce the Preliminary Injunction. "A motion to enforce is an appropriate procedural vehicle for parties to seek compliance with a court order." *United States v. Visa U.S.A., Inc.*, No. 98 Civ. 7076(BSJ)., 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007). "A motion to enforce may be granted where it is shown 'by a preponderance of the evidence' that a court order has been violated . . . ." *United States SEC v. Collector's Coffee Inc.*, 602 F. Supp. 3d 488, 502 (S.D.N.Y. 2022). The court need not find a contemptuous act to grant a motion to enforce. *Berger v. Heckler*, 771 F.2d 1556, 1569 (2d Cir. 1985). A court has broad discretion to take any reasonable action to secure compliance with its order. *In re Tronox Inc.*, 855 F.3d 84, 112 (2d Cir. 2017).

The District first alleges that GWI violated the court's order by firing "a majority of [their] highly skilled senior employees." (Doc. 54 at 7.) There is insufficient evidence to establish this action was taken following the court's order on August 11, 2025. The testimony of both Andrew Oberholzer and Thomas Cecere indicated the firings occurred before the court's order issued on August 11, 2025.

Next, the District alleges that GWI is in violation of the court order by having individuals employed by an entity other than GWI working on the ECFiber network. The court's order does not address the hiring and firing of employees. The Operating Agreement leaves responsibility for "hiring, compensating, supervising, disciplining and discharging its employees" solely in the hands of GWI. (Doc. 28-3 ¶ 20(e).) The Operating Agreement specifically precludes the District

5

from "dictat[ing] or establish[ing] workplace standards and practices." *Id.* The Operating Agreement further provides that no employee shall be under the supervision of or report to the District. *Id.* The court's Preliminary Injunction does nothing to alter the parties' agreement as it relates to employees. As a result, the court cannot find a violation of the court's order based on this allegation.

During the hearing, the District alleged that GWI violated the Operating Agreement governing their relationship. Specifically, the District alleged that GWI failed to notify it of "changes or difficulties," such as those outlined in GWI's FCC filing. Mr. Flinn explained:

> [O]n August 8th, if [the CEO of GWI] had come to us and said, We want to, we're going to shut down our Vermont operations, you're welcome to go in there and begin running it, we would have been able to do so, and we would have done so. So we're prepared to go in today, and we think that we would do a better job than the Frankenstein situation that exists now where there's a patchwork of different companies, different persons. Yes, we're ready to go in there today and operate it.

(Doc. 60 at 34:1–8.) Mr. Flinn further testified that he was disappointed he was not informed of the changes occurring at GWI because he was denied the opportunity to have VISPO begin to operate the network. (Doc. 60 at 39:23–40:2.)

There is nothing in the court's order that discusses the meaning of "changes or difficulties" as used in the Operating Agreement. The parties remain bound to the terms of their Operating Agreement. If the District felt that GWI violated this term of the Operating Agreement, it could have provided notice to GWI that it was terminating the contract if the violation was not corrected within ninety days. (Doc. 28-3 ¶ 3.) The District did not do this. Instead, it filed this motion seeking the opportunity to immediately step in and take over operation of the network. The court did not order this at the time of the Preliminary Injunction and does not find it appropriate to do so now.

For the foregoing reasons, the District's Emergency Motion to Enforce and Modify the Court's Preliminary Injunction Order of August 11, 2025 is DENIED.

DATED at Rutland, in the District of Vermont, this 23rd day of September 2025.

_____
Mary Kay Lanthier
United States District Court Judge